**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 25-cv-03439-NYW

RICARDO FLORENTINO BRIALES-ZUNIGA,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity;
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity;[1]
TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; and
PAMELA JO BONDI, Attorney General of the United States, in her official capacity;

     Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition"). [Doc. 1]. Respondents have responded. [Doc. 11]. For the reasons set forth below, the Petition is **GRANTED**

---

[1] Originally, Petitioner named Robert Guadian ("Mr. Guadian") in his official capacity as Field Office Director for the Denver Field Office of United States Immigration and Customs Enforcement ("ICE"). [Doc. 1 at ¶ 21]. This Court takes judicial notice that as of late October 2025, Mr. Guadian is no longer the Field Office Director for ICE's Denver Field Office. *See* Seth Klamann, *Denver's Top ICE Official Says He Was Reassigned to Virginia*, Denv. Post (Oct. 30, 2025, at 06:38 PM MDT), https://www.denverpost.com/2025/10/30/colorado-immigrations-enforcement. Indeed, counsel for Respondents replaced Mr. Guadian with Robert Hagan as the Field Office Director of ICE's Denver Field Office in the case caption when filing his Entry of Appearance—albeit without explanation. [Doc. 8]. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Robert Hagan for Robert Guadian as a Respondent in this action.

**in part**.

## BACKGROUND

Petitioner Ricardo Florentino Briales-Zuniga ("Petitioner" or "Mr. Briales-Zuniga") is a citizen of Mexico who has lived in the United States for more than 23 years. [Doc. 1 at ¶ 1]. He was taken into ICE custody in August 2025 and has been held without a bond hearing ever since. [*Id.* at ¶ 19]. The day Mr. Briales-Zuniga was detained, the Department of Homeland Security issued him a Notice to Appear that designates Mr. Briales-Zuniga as a noncitizen "present in the United States without being admitted or paroled." [Doc. 1-2 at 6]. DHS also issued him a Notice of Custody indicating that he was detained pursuant to § 236 of the Immigration and Nationality Act ("INA") and 8 C.F.R. § 236 (2025). [Doc. 1-2 at 4]. Section 236 of the INA is codified as amended at 8 U.S.C. § 1226. But DHS now purports to detain Mr. Briales-Zuniga under a different statutory provision: 8 U.S.C. § 1225(b). *See* [Doc. 1 at ¶¶ 4–6; Doc. 11-1 at ¶ 10].

Mr. Briales-Zuniga asserts that he is actually detained under § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at ¶ 6]. But because § 1225(b)(2)(A) provides for mandatory detention, he has no opportunity for release on bond while DHS considers him detained under this provision. [*Id.* at ¶¶ 4–5]. In the Petition, Mr. Briales-Zuniga brings three claims challenging the lawfulness of Respondents' decision to detain him without a bond hearing. First, he contends that his detention is governed by § 1226(a), not § 1225, so Respondents' failure to provide a bond hearing violates § 1226(a). [*Id.* at ¶¶ 51–55]. Second, he argues that Respondents' denial of a bond hearing violates § 1226(a)'s implementing regulations. [*Id.* at ¶¶ 56–58]. Third, Mr. Briales-Zuniga alleges that his civil detention without a bond hearing violates his rights under the Due Process

2

Clause of the Fifth Amendment. [*Id.* at ¶¶ 59–67]. He seeks, among other things, a writ of habeas corpus "ordering Respondents to release him from custody or provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or the Due Process Clause within seven days." [*Id.* at 16].

In response to the Court's Order to Show Cause, [Doc. 4], Respondents filed a Response to the Petition, [Doc. 11]. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

This case hinges on whether Respondents may detain Mr. Briales-Zuniga pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to the Parties' arguments.

3

**I.    Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[2] Under § 1225(a)(1), an "applicant for admission" is

---

[2] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, --- F. Supp. 3d ----, 2025 WL 2809996, at *2 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (2d Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order

4

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.   Application to Petitioner

Respondents argue that § 1225(b)(2)(A) applies and requires Mr. Briales-Zuniga's detention, so he is not entitled to a bond hearing. *See* [Doc. 11]. This Court, following the clear weight of persuasive authority, has already rejected Respondents' position. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[3] In *Loa Caballero*, this Court

---

[a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 11], so the Court does not substantively address detention under this subsection.

[3] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Mr. Briales-Zuniga, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, C.J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.).

5

reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Mr. Briales-Zuniga, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it asserted that § 1225 mandated his detention. *See id*. The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8.

Respondents provide no persuasive reason for the Court to depart from this conclusion. They argue that Petitioner is an "applicant for admission" as defined in § 1225(a)(1) and that § 1225(b) "applies to all applicants for admission." [Doc. 11 at 7]. Respondents acknowledge Petitioner's position that § 1225(b)(2)(A) applies only to noncitizens "seeking admission," but decline to engage in any textual analysis of this subsection. [*Id.* at 6–7]. Instead, they rely on the Supreme Court's passing description of § 1225(b)(2) as a "catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here)." *Jennings*, 583 U.S.

6

at 287; [Doc. 11 at 8].  Respondents interpret this statement in *Jennings* to mean that any "applicant for admission" who falls outside § 1225(b)(1) must be covered by § 1225(b)(2).  [Doc. 11 at 8].  But *Jennings* did not address exactly which noncitizens are covered by § 1225(b)(2).  *See* 583 U.S. at 297–301 (analyzing whether § 1225(b)(1) and (2) contain an implicit six-month limit on detention or require periodic bond hearings).  This Court does not read *Jennings*'s general description of § 1225(b)(2) as a "catchall provision" as inconsistent with this Court's specific interpretation of the plain meaning of § 1225(b)(2)(A).  In fact, other portions of *Jennings* support the Court's conclusion that § 1225(b)(2)(A) does not apply to noncitizens who are already present and not seeking admission:

> In sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c).

*Id.* at 289 (emphasis added); *see also Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *6 (D. Colo. Oct. 24, 2025) (rejecting Respondents' "selective citation" to *Jennings* along similar lines).

Accordingly, as in *Loa Caballero*, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Petitioner.[4]  The "default rule" of discretionary

---

[4] Like the petitioner in *Loa Caballero*, Respondents' treatment of Mr. Briales-Zuniga also indicates that he is detained pursuant to § 1226(a).  *See Loa Caballero*, 2025 WL 2977650, at *8.  The Notice of Custody Determination issued by DHS indicates that Mr. Briales-Zuniga is detained pursuant to § 236 of the INA and its implementing regulations. [Doc. 1-2 at 4].  Section 236 of the INA is codified at 8 U.S.C. § 1226.  Moreover, the Notice to Appear issued by DHS designates Mr. Briales-Zuniga as an "alien present in the United States who has not been admitted or paroled," rather than an "arriving alien." [Doc. 1-2 at 6].  In other words, "the Government's own detention paperwork suggests that [Petitioner] is detained under § 1226, not § 1225." *Loa Caballero*, 2025 WL 2977650,

7

detention under § 1226(a) therefore applies.  *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7.  The Court need not, and does not, reach either Party's alternative arguments, including Respondents' contentions that § 1226(a) should not apply if § 1225(b)(2)(A) can apply instead, *see* [Doc. 11 at 9–12], and Petitioner's argument that he is entitled to a bond hearing under the Due Process Clause of the Fifth Amendment, [Doc. 1 at ¶¶ 59–67].

## III.   Appropriate Remedy

Mr. Briales-Zuniga asks the Court to "order[] Respondents to release him from custody or provide him with a bond hearing . . . within seven days." [Doc. 1 at 16].  But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond."  *Nava Hernandez*, 2025 WL 2996643, at *8.  Thus, a bond hearing is appropriate.  The Court finds that an immigration judge is better suited than this Court to conduct the hearing and consider whether Mr. Briales-Zuniga poses a flight risk or danger to the community.

Accordingly, Respondents are **ORDERED** to provide Mr. Briales-Zuniga with a bond hearing before an immigration judge no later than January 13, 2026.  If Respondents to not do not provide Mr. Briales-Zuniga with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.  On or before January 20, 2026, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

---

at *8 (collecting cases).

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **GRANTED in part**;

(2) Respondents shall provide Petitioner a bond hearing no later than January 13, 2026.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(3) On or before January 20, 2026, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  January 6, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge